```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              v.<br><br>JAMES HARDY,<br><br>          Defendant. | 10-cr-1123 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.

    On March 21, 2011, defendant James Hardy pled guilty to three offenses: (1) conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and (3) conspiring to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. These charges arose from Hardy's role in a violent, armed robbery that occurred in May 2010 in the Bronx. During the robbery, Hardy and a co-conspirator brutally beat the victim and stole marijuana, cash, and a flat-screen television from him. On July 11, 2011, the Court sentenced Hardy to 156 months' imprisonment. Hardy, who has served roughly ten years of this term of imprisonment, now moves for compassionate release pursuant to 18 U.S.C. § 3582. The Court denies the motion because Hardy is a danger to the community.

Prior to the enactment of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion seeking compassionate release to courts. The First Step Act amended this provision to permit a defendant to file a motion for compassionate release, but only after the defendant has exhausted administrative review of the denial of a request to the BOP, or after 30 days have passed since the request was made to the BOP, whichever is earlier. See 18 U.S.C. § 3582(c)(1)(A). After these preconditions are met, the Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.  The relevant policy statement provides that a reduction of sentence is permitted if, inter alia, "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Hardy appears to have met § 3582's exhaustion requirement because he submitted request for compassionate release to the Warden of his facility, which was denied on May 11, 2020. See ECF No. 53, Exh. A. In any event, because the exhaustion requirement is waivable in these circumstances, see United

2

States v. Haney, No. 19-cr-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020), the Court proceeds to the merits. Hardy argues that the dangers posed by COVID-19, when combined with his medical conditions, including asthma and high blood pressure, constitute extraordinary and compelling circumstances justifying his release. The Government opposes Hardy's motion, arguing that no such extraordinary and compelling circumstances exist.

The Court need not determine whether such extraordinary circumstances exist because it denies Hardy's motion on the separate ground that he presents a "danger . . . to the community." U.S.S.G. § 1B1.13(2). Hardy's criminal history is both extensive and violent. Hardy is currently serving a sentence for a particularly violent robbery in which he brutally beat the victim. PSR ¶¶ 13-15. Prior to his arrest for this offense, Hardy was arrested 13 times, including in 2000 for slashing the face of a 16-year-old with a razor, PSR ¶ 66-67; in 2000 for stabbing a homeless man in his chest, PSR ¶ 70-71; and in 2007 for stabbing someone four times, PSR ¶ 73-74. Moreover, Hardy's disciplinary record while in prison indicates that he continues to pose a danger to society. Since being sentenced, Hardy has been disciplined more than ten times, including for possessing a dangerous weapon and assaulting other inmates. While defendant notes that none of these infractions occurred in the past eighteen months, this record is simply not indicative

of an individual who has fully rehabilitated such that he no longer poses a danger to the community.

In addition to the fact that Hardy poses a danger to the community, Hardy's motion for compassionate release could separately be denied on the ground that the 3553(a) factors do not support reducing Hardy's sentence. As the Court noted when it sentenced Hardy, "the basic crime and the manner in which it was committed and the background, the defendant's history and all the other factors . . . would not warrant anything less than a twelve year sentence, but the sheer brutalness of the attack warrants at least another year." ECF No. 21 at 22. While it may be true, as defense counsel argues, that Hardy has been rehabilitated to some extent while serving the past ten years of his sentence, the Court continues to believe that the full 156-month sentence is warranted under the 3353(a) factors, including the need for the sentence to reflect the seriousness of the offense, provide just punishment, and protect the public from further crimes of the defendant.

Accordingly, Hardy's motion for compassionate release is denied.

SO ORDERED.

Dated:   New York, NY

August 4, 2020

_____
United States District Judge