UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ UNITED STATES OF AMERICA,            │
│                 v.                   │
│ JAMES HARDY,                         │
│           Defendant.                 │
└─────────────────────────────────────┘
```

10-cr-1123 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

On March 21, 2011, defendant James Hardy pled guilty to three offenses: (1) conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and (3) conspiring to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. These charges arose from Hardy's role in a violent, armed robbery that occurred in May 2010 in the Bronx. During the robbery, Hardy and a co-conspirator brutally beat the victim and stole marijuana, cash, and a flat-screen television from him. On July 11, 2011, the Court sentenced Hardy to 156 months' imprisonment.

On July 16, 2020, Hardy, with the assistance of court-appointed counsel, moved for compassionate release pursuant to 18 U.S.C. § 3582. In support of his motion, Hardy argued that the dangers posed by COVID-19, when combined with his medical conditions, along with his efforts at rehabilitation, justified

a reduction in sentence.  Following briefing, the Court denied

that motion on August 4, 2020.  The Court found that, in light

of Hardy's "extensive and violent" criminal history, he

continued to "present[] a 'danger . . . to the community,'"

precluding compassionate release under U.S.S.G. § 1B1.13(2).

ECF No. 62 at 3.  As the Court noted, "Hardy is currently

serving a sentence for a particularly violent robbery in which

he brutally beat the victim."  Id.  "Prior to his arrest for

this offense, Hardy was arrested 13 times," including for

slashing the face of a 16-year-old with a razor and twice for

stabbings.  Id.  Additionally, the Court cited his numerous

disciplinary violations while in prison, "including for

possessing a dangerous weapon and assaulting other inmates."

Id.

    The Court also found that "Hardy's motion for compassionate

release could separately be denied on the ground that the

3553(a) factors do not support reducing Hardy's sentence."  Id.

at 4.  In particular, the Court explained that, as it stated at

the defendant's sentencing, "the basic crime and the manner in

which it was committed and the background, the defendant's

history and all the other factors," necessitated a sentence of

no fewer than 13 years.  Id.

    Now before the Court is Hardy's renewed motion for

compassionate release, filed on July 26, 2021.  See ECF No. 65.

As Hardy notes in his motion, following the Court's denial of Hardy's initial compassionate release motion, the Second Circuit held, in United States v. Brooker, 976 F.3d 228, 236 (2020), that § 1B1.13 is not applicable to compassionate release motions brought by defendants and, as a result, a dangerousness determination is not required.  Hardy also reasserts his argument that he has been rehabilitated over the course of his term of incarceration.[1]

The Court acknowledges that Hardy has succeeded in avoiding any further disciplinary infractions in the year since his previous compassionate release motion.  Nevertheless, the Court finds, once again, that the 3553(a) factors preclude the relief he seeks.  In light of the nature of the defendant's crimes and his criminal history, granting Hardy's motion for compassionate release would fail "to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(A), (C).

---

[1] Additionally, Hardy appears to suggest that his Guidelines calculation was improperly enhanced under § 2K2.1(A)(3).  The defendant's appointed counsel declined to elaborate on this argument in her supplemental submissions and, in any case, the purported issue would not impact the Court's weighing of the 3553(a) factors in relation to the present motion.  As such, the Court does not address this issue.

Accordingly, Hardy's motion for compassionate release is denied.

SO ORDERED.

Dated:     New York, NY

           November 12, 2021          JED S. RAKOFF, U.S.D.J.