UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│  UNITED STATES OF AMERICA,           │
│                  v.                  │
│  JAMES HARDY,                        │
│            Defendant.                │
└─────────────────────────────────────┘
```

10-cr-1123 (JSR)


MEMORANDUM ORDER


JED S. RAKOFF, U.S.D.J.

On December 3, 2021, defendant James Hardy filed a pro se motion raising two issues to the Court.  First, Hardy suggests that the Court, in its November 12, 2021 order, incorrectly identified the second count to which he pled guilty as "committing Hobbs Act robbery" rather than "conspiracy to commit Hobbs Act robbery."  See ECF No. 75.  In support of this contention, Hardy points to the Judgment issued in his case which did, in fact, list both counts one and two as "Conspiracy to Commit Hobbs Act Robbery."  ECF No. 20.  Hardy is correct that the Court erred.  But the error was not in the November 12 order, which correctly stated the three counts to which he pled guilty; rather the error was in recording his offenses in the Judgment.  As the transcript of Hardy's change-of-plea hearing on March 21, 2011 reflects, Hardy pled guilty to both one count of conspiracy to commit Hobbs Act robbery and one count of committing Hobbs Act robbery.  ECF No. 18 at 8-109.  The Court

1

thanks Hardy for bringing this technical error to its attention and has issued an Amended Judgment properly identifying Hardy's second offense as "Substantive Hobbs Act Robbery."  See ECF No. 76.

Second, Hardy asks the Court to make an adjustment to his sentence to credit time he spent in state custody to his federal sentence, arguing that the Bureau of Prisons ("BOP") erred in its calculation. This request, however, is premature.  Although a defendant may dispute the BOP's credit calculation by filing a habeas corpus petition under 28 U.S.C. § 2241, such a petition may only be brought after exhausting administrative remedies. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir.2001).  This requirement is not properly waived based on "the mere fact that petitioner's release date could arrive before administrative relief."  Hodge v. United States (BOP), 2021 WL 738707, at *3 (S.D.N.Y. Feb. 24, 2021).  Accordingly, Hardy's request for an order adjusting his sentence is denied.

SO ORDERED.

Dated:    New York, NY

December 13, 2021          JED S. RAKOFF, U.S.D.J.